UNTIED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ADRIANA JACKSON,

                Plaintiff,

vs.

CORELIFE EATERY, LLC,

                Defendant.

**ANSWER**

Civil Case No:
6:18-CV-6284-FPG

CORELIFE EATERY, LLC, by and through its attorneys, Hinman, Howard & Kattell, LLP, (Dawn J. Lanouette, Esq.) for its Answer to the Complaint herein states as follows:

1. Denies the allegations contained in the paragraph titled "this action is brought for discrimination" and denies that it discriminated against or retaliated against Complainant.

2. Admits that Jurisdiction is proper in this court, except denies that defendant committed any discriminatory act.

**Parties**

1. Denies knowledge or information sufficient to form a belief as to Plaintiff's address or telephone number.

2. Admits the name of the entity is CoreLife Eatery, LLC, and that it has a place of business located at 100 Market Place Drive, Suite 500, Rochester, NY 14623.

3. No response is required

**Claims**

4. Admits that Plaintiff first became employed on March 20, 2017.

5. Denies that Defendant discriminated or retaliated against the Plaintiff in any way.

6. Denies that Defendant discriminated or retaliated against the Plaintiff in any way.

7. Denies that Defendant discriminated or retaliated against the Plaintiff in any way.

8. Denies that Plaintiff filed a complaint with the Division of Human Rights; Plaintiff filed a complaint with the EEOC. The Complaint number was 846-2017-33568.

9. No response is required.

10. Denies the allegation contained in paragraph 10. Plaintiff's complaint with the EEOC (attached to her complaint) was filed on or about October 12, 2017.

11. Admits the EEOC issued a decision dismissing the complaint and finding no discrimination.

12. Admits the EEOC issued a Notice of Right to Sue letter on 3-28-18 (not 2017) and that it is attached to Plaintiff's complaint.

13. Denies the allegations contained in paragraph 13.

14. Denies the allegations contained in paragraph 14.

15. Denies the allegations contained in paragraph 15.

16. Denies that Defendant discriminated or retaliated against Plaintiff; but admits Plaintiff was terminated in August 2017 for having a third short drawer.

17. Admits that a copy of the EEOC complaint is attached to the Complaint; denies the allegations contained in said complaint.

18. Admits the allegations contained in paragraph 18, except that the letter was issued on 3-28-2018, not 2017.

19. Denies the allegations contained in paragraph 19.

20. No response is required

21. No response is required.

22. No response is required.

23. No responses is required.

24. No response is required.

25. Denies each and every allegation not expressly admitted herein.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

26. The complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

27. Plaintiff failed to mitigate her damages.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

28. At all times, Defendant acted reasonably and in good faith and in compliance with all law and regulations and has otherwise satisfied its obligations to Plaintiff under federal law.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

29. Defendant had a legitimate non-discriminatory and non-retaliatory reason for Plaintiff's termination.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

30. Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

## AS AND FOR A SXITH AFFIRMATIVE DEFENSE

31. The Plaintiff's claims are barred by collateral estoppel or res judicata.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

32. Defendant had, at all times Plaintiff was employed, and continues to have in place anti-discrimination, anti-harassment, and anti-retaliation policies.

33. Defendant made a good faith effort to and did communicate and enforce its anti-discrimination, anti-harassment and anti-retaliation policies.

34. Plaintiff was aware or should have been aware of Defendant's anti-discrimination, anti-harassment, and anti-retaliation policies.

35. Defendant exercised reasonable care to prevent and correct promptly any harassing or discriminatory or retaliatory behavior that it was aware of.

36. Plaintiff unreasonably failed to use the complaint procedure set forth in Defendant's anti-discrimination, anti-retaliation and anti-harassment policies.

37. Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities offered by Defendant or to avoid harm otherwise.

38. Plaintiff's failure to take advantage of any preventative or corrective opportunities provided by Defendant bars plaintiff's claims for discrimination and/or harassment and/or retaliation.

WHEREFORE, CoreLife Eatery, LLC demands judgment dismissing the complaint and for such other and further relief as this court deems just and proper.

/s/ Dawn J. Lanouette

Dated: August 9, 2018
       Binghamton, New York

Dawn J. Lanouette, Esq.
HINMAN, HOWARD & KATTELL, LLP
Attorneys for Defendant CoreLife Eatery, LLC
Office & Post Office Address
80 Exchange Street
P.O. Box 5250
Binghamton, NY  13902-5250
 [Telephone: (607) 723-5341]
E-Mail: dlanouette@hhk.com

TO: Adriana Q. Jackson
    214 Van Auker Street
    Rochester, NY 14608